# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 17-161-02 (TSC) |
| | : | |
| **HINA ALVI** | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SEAL PUBLICLY AVAILABLE RECORDS OF A NON-CONVICTION

The Unites States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following opposition to defendant's motion to seal publicly available records of a non-conviction (Docket No. 79). For the reasons set forth below, the Court should summarily deny defendant's motion.

## PROCEDURAL HISTORY

On August 17, 2017, a grand jury returned a four-count indictment charging both defendant, Ms. Alvi, and codefendant, Mr. Awan (defendant's husband), with one count of Conspiracy to Commit Bank Fraud, False Statements on a Loan or Credit Application, and Unlawful Monetary Transactions, in violation of l8 U.S.C. §§ 371, 1344(2), 1014, and 1957 (Count One); one count of Bank Fraud and Aiding and Abetting and Causing an Act to Be Done, in violation of 18 U.S.C. §§ 1344(2) and 2 (Count Two); one count of False Statement in Loan and Credit Application and Aiding and Abetting and Causing an Act to Be Done, in violation of 18 U.S.C. §§ 1014 and 2 (Count Three); and one count of Unlawful Monetary Transactions and Aiding and Abetting and Causing an Act to Be Done, in violation of 18 U.S.C. §§ 1957 and 2 (Count Four). See Docket No. 14.

The codefendant, Mr. Awan, later agreed to cooperate in the government's investigation, and the parties executed a plea agreement, under which the codefendant pled guilty, on July 3, 2018, to False Statements on a Loan or Credit Application. As part of the plea agreement, the government agreed to dismiss the remaining charges against him and all the charges against his wife, the defendant. See Docket No. 60.

On August 21, 2018, in the codefendant's case, this Court imposed a sentence of time-served, three months of supervised release, and a Special Assessment of $100.00. See Docket Nos. 75, 77, and 78. In accordance with the plea agreement, the government then moved to dismiss the indictment against the defendant, and the Court granted the government's motion to dismiss. See Docket No. 76.

On September 17, 2018, defendant filed the instant motion to seal publicly available records of a non-conviction. See Docket No. 79. The Court subsequently issued an Order, directing a response from the government, thus prompting this filing.

**ARGUMENT**

In Doe v. Webster, 606 F.2d 1226 (D.C. Cir. 1979), the D.C. Circuit noted that, even absent a statute authorizing expungement, federal courts have the power to order expungement in certain extraordinary circumstances; however, that power is limited to only those situations where it is necessary to protect basic legal rights. Id. at 1230; see also In re Reid, 569 F.Supp.2d 220, 222 (D.D.C. 2008). The remedy is "inherent and is not dependent on express statutory provision, and it exists to vindicate substantial rights provided by statute as well as by organic law." Menard v. Saxbe, 498 F.2d 1017, 1023 (D.C. Cir. 1974).

"Even individuals who were never convicted are not entitled to the expungement of their arrest records as a matter of course." Doe, 606 F.2d at 1231. The D.C. Circuit has indicated that the power to grant expungement is very narrowly limited:

> [A]lthough there are indeed many instances in which courts have ordered expungement of arrest records in the exercise of their inherent equitable powers, all of those cases involved either a lack of probable cause coupled with special circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances.

Doe, 606 F.2d. at 1230.

In assessing defendant's motion, the Court also should consider that "[r]etaining and preserving arrest records serve[s] an important function of promoting effective law enforcement" and serves the "compelling public need for an effective and workable criminal identification procedure." United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977) (18 U.S.C. § 534(a) enacted by Congress empowers the Attorney General to acquire, collect, preserve and exchange arrests records which are an essential tool in criminal identification procedures); see also United States v. Salleh, 863 F.Supp. 283 (E.D. Va. 1994) ("Retention of criminal records aids in effective law enforcement, a purpose reflected in Congress' requirement that the Attorney General 'acquire, collect, classify, and preserve' criminal records"). Indeed, as the D.C. Circuit has explicitly noted, "[t]he government . . . ha[s] a legitimate need for maintaining criminal records in order to efficiently conduct future criminal investigations. Doe, 606 F.2d at 1243.

The decision to grant expungement of criminal records thus requires careful consideration of the particular facts and circumstances of each case, and depends on the Court's ultimate determination that the "remedy is necessary and appropriate in order to preserve basic legal rights." Sullivan v. Murphy, 478 F.2d 938, 968 (D.C. Cir. 1973). The Court must find a "logical

relationship between the injury and the requested remedy." Livingston v. DOJ, 759 F.2d 74, 78 (D.C. Cir. 1985) (citation omitted).

In considering defendant's claim for relief, the Court should conclude that the defendant has not shown a lack of probable cause coupled with special circumstances, a violation of the Constitution (much less a flagrant violation), or other unusual or extraordinary circumstances.[1] Here, defendant claims that she is entitled to relief because she "suffered unusually substantial harms as a result of the right wing media's smear campaign and the President's unwarranted twitter attention."[2] Defendant also argues that she would like to attend a trade school and open a business, and she speculates that the record of her arrest "will likely prevent one or more of these endeavors." See Docket No. 79, at 1.

The Court should reject defendant's claim for relief. Defendant cannot establish that her arrest was invalid or illegal, that the indictment was defective or not supported by probable cause, or that expungement of the record is authorized by any "specific statutory authority," as she must in order to qualify for expungement. Doe, 606 F.2d at 1231. At bottom, defendant's claim for relief

---

[1] With respect to the first of these, defendant stops short of expressly asserting a lack of probable cause but implicitly appears to claim that she was unjustly accused. Docket No. 79, at 2. To the extent that defendant premises her claim for relief on an assertion of innocence, this claim must fail. The fact that the government agreed, as part of the plea agreement with defendant's husband, to dismiss the indictment against the defendant does not negate the grand jury's finding of probable cause nor does it concede the innocence of the defendant. See Schnitzer, 567 F.2d at 539.

[2] Defendant asserts, without any substantiation of the claim or support for the argument, that "[t]he right wing agenda advanced by the oversight which the President and highest levels of the Executive Branch insisted upon having to interfere with the way the United States Attorney's Office might otherwise have handled Ms. Alvi's matter, is precisely the kind of 'unusual or extraordinary' politically motivated circumstances in which expungement is appropriate." See Docket No. 79 at 2. We respectfully disagree as the USAO-DC handled this case as it would any other case.

4

is premised on potential future harm (i.e, her ability - at some undefined point in the future - to attend trade school and to open a business) and past harm (i.e., media attention). This speculative future harm and alleged past harm do not constitute unusual and extraordinary circumstances sufficient for this Court to grant relief, especially given law enforcement's "legitimate need" to maintain criminal records. See Doe, 606 F.2d at 1231, 1243; Evans v. United States, 78 F. Supp.3d 351, 352 (D.D.C. 2015) ("Where a defendant has not shown a statutory basis justifying expungement, courts have granted motions to expunge in extreme circumstances only, such as in cases involving flagrant constitutional violations—for example, where the defendants' arrests were racially and politically motivated."); see accord United States v. Blackwell, 45 F.Supp.3d 123 (D.D.C. 2014) ("Absent a statutory basis authorizing expungement, courts have granted motions to expunge only in extreme circumstances, such as in cases involving flagrant constitutional violations"); Sandy v. United States, 2008 WL 4865993, at *1 (E.D.N.Y. Nov. 7, 2008) (defendant not entitled to expungement where indictment dismissed without prejudice), citing In re Farkas, 783 F.Supp. 102, 103 (E.D.N.Y. 1992) ("[E]xpunction should not be granted routinely after an acquittal or the dismissal of charges, but should be reserved strictly for extreme cases of government misconduct"); United States v. Noonan, 906 F.2d 952, 956 (3rd Cir. 1990) (presidential pardon is not a sufficient basis for expungement); see also United States v. Wilson, 2008 WL 2446134, at *1 (D.D.C. June 17, 2008) (noting that expungement is not required even if the defendant has demonstrated rehabilitation and completion of a sentence term).

In sum, defendant has not established a "logical relationship between the injury and the requested remedy." See Livingston, 759 F.2d at 78.

## CONCLUSION

For the reasons set forth above, this Court should summarily deny defendant's motion.

Respectfully submitted,

JESSIE K. LIU
United States Attorney

MARGARET J. CHRISS
Chief, Special Proceedings Division

_____/S/_____
T. ANTHONY QUINN
Assistant United States Attorney
Deputy Chief, Special Proceedings Division
D.C. Bar No. 415-213
555 Fourth Street, NW
Washington, D.C. 20530
202-252-7558

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of the foregoing to be served on defendant's counsel of record, Nikki Lotze, Esquire, on this 16th day of October, 2018.

_____/S/_____
T. ANTHONY QUINN
Assistant United States Attorney